**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ATLANTIC RECORDING CORPORATION ET AL　　　　　CIVIL ACTION

versus　　　　　　　　　　　　　　　　　　　　　NO. 06-3784

DREW FALGOUT　　　　　　　　　　　　　　　　　SECTION: E/5

**RULING ON MOTION**

Plaintiffs, Atlantic Recording Corporation, Capitol Records, Inc., Interscope Records, UMG Recordings, Inc., and Sony BMG Music Entertainment, (collectively "Plaintiffs"), moved for summary judgment in this copyright infringement case, requesting minimum statutory damages and a permanent injunction prohibiting defendant, Drew Falgout ("Falgout") from further infringements of Plaintiffs' copyrights in the future. R.d. # 15.[1]  For the reasons that follow, the motion is GRANTED.

**BACKGROUND**

It is undisputed that all Plaintiffs are copyright owners or licensees of exclusive rights under United States copyrights with respect to certain copyrighted sound recordings ("copyrighted recordings"). Complaint, ¶ 11; Memorandum in support of motion for summary judgment ("Memo"), Declaration of Amy Bauer ("Bauer Decl.") Ex. 9, ¶4 *and* Ex. C to Bauer Decl.  The copyrighted recordings include, but are not limited to, each of the nine copyrighted recordings listed on Ex. A to the Complaint.[2]  Upon receipt of

---

[1] Plaintiffs contemporaneously filed a motion for extension of deadlines and to reset the trial date, r.d. #16, which is set for hearing if this Court fails to grant the motion for summary judgment and injunctive relief.  Because the motion for summary judgment and injunctive relief is granted, the motion for extension of deadlines and to reset the trial date is moot.

[2] Exhibit B to the Complaint is a ten page copy of a "Log for User Address at 24.196.214.101.6348 generated on 11/9/2005 at 7:15 a.m. EST, which includes 443 audio files.  Those files include the nine files expressly

information that an individual was engaged in the distribution of Plaintiffs' copyrighted recordings at Internet Protocol ("IP") address 24.196.214.101, Plaintiffs investigated, and through a federal court subpoena served on the individual's Internet Service Provider, Charter Communications, Inc., identified that individual as defendant Falgout.  After unsuccessfully attempting to negotiate a resolution to the matter, on September 18, 2006, Plaintiffs filed this lawsuit for copyright infringement against Falgout.  Proceeding *pro se*, Falgout answered the Complaint on December 15, 2006, declaring that he is "NOT GUILTY", and demanding proof of the allegations against him.  R.d. # 6.  Plaintiffs send their First Request for Admissions, First Set of Interrogatories and First Request for Production on Falgout on June 27, 2007, and again, at Falgout's request, on September 21, 2007.  Declaration of Amy Bauer, Memo Ex. 9, ¶2 and Ex. "A" to Bauer Decl.  In spite of a letter of notice sent by Amy Bauer, pursuant Fed. R. Civ. Pro. 37, Falgout did not respond to either discovery request.  Plaintiffs subsequently filed this motion for summary judgment and injunctive relief.

## **ANALYSIS**

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett*,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.

---

identified as the basis for the Complaint, and for which proof of copyright infringement is offered.

Ed. 3d 265 (1986).  An issue is material if its resolution could affect the outcome of the action.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.  *See* <u>Olabisiomotosho v. City of Houston</u>, 185 F.3d 521, 525 (5th Cir. 1999).  However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."  <u>Lawrence v. Univ. of Tex. Med. Branch at Galveston</u>, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* <u>Wallace v. Texas Tech. Univ.</u>, 80 F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations."  <u>Id.</u>  If the opposing party bears the burden of proof at trial, the moving party need not submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.  <u>Saunders v. Michelin Tire Corp.</u>, 942 F.2d 299, 301 (5th Cir. 1999).  Pursuant to Fed. R. Civ. Pro. 36, each matter of which an admission is requested shall be considered admitted if within 30 days after service of the request, the party to whom the request is directed fails to respond appropriately.  Rule 36(a).   Matters  deemed  admitted  under  this  rule  are

conclusively established, and are sufficient to form the basis for a summary judgment.  Rule 36(b); Carney v. IRS (In re: Carney), 258 F.3d 415, 418 (5th Cir. 2001).

The Copyright Act grants the copyright owner of a sound recording the exclusive rights to, among other things, "reproduce the copyrighted work in copies or phonorecords" and to "distribute copies or phonorecords of the copyrighted work to the public." 17 U.S.C. § 106(1), (3).  To prevail in this action, Plaintiffs must prove: (1) that they own the copyrights in the sound recordings; and (2) that Falgout copied or distributed those sound recordings. Feist Publ'ns, Inc. V. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  A defendant's intent to infringe is irrelevant under the law.  Chavez v. Arte Publico Press, 204 F.3d 601, 607 (5th Cir. 2000).

As this Court has already noted *supra*, it is undisputed that Plaintiffs are copyright owners or licensees of exclusive rights under United States copyrights with respect to certain copyrighted sound recordings made the subject of this lawsuit.  Complaint, ¶ 11; Memo, Bauer Decl. Ex. C (copies of the copyrights in the identified recordings), *and* Ex. A, Requests for Admissions Nos. 13, 14.  It is also undisputed that Falgout copied and/or distributed those sound recordings without the authorization or permission of the owners of the copyrights.  Bauer Decl., Ex. A, Requests for Admissions Nos. 1 - 11, 21; Complaint, Ex. B.  As there are no genuine issues of material fact, Plaintiffs are entitled to summary judgment in their favor.

*DAMAGES*

Rather than actual damages, the Plaintiffs are entitled to elect an award of minimum statutory damages "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually ...." 17 U.S.C. § 504(c)(1). In this case, Plaintiffs have elected to recover minimum statutory damages, without the necessity of proving actual damages. <u>Columbia Pictures Indus. V. Krypton Broad. Of Birmingham, Inc.</u>, 259 F.3d 1186, 1194 (9th Cir. 2001). The appropriate statutory damages for non-willful infringement range from a minimum of $750 per work to a maximum of $30,000 per work. 17 U.S.C. § 504(c)(1); <u>Krypton Broad. Of Birmingham</u>, at <u>id.</u> Plaintiffs seek, and are entitled to, the minimum statutory award of $750 for each of the nine recordings sued upon, for a total of $6,750.

*INJUNCTIVE RELIEF*

"Any court having jurisdiction of a civil action arising under this title ... may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Plaintiffs' Complaint requests entry of the following permanent injunction:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*

> download) any of Plaintiffs' Recordings, to distribute (*i.e.* upload) any of Plaintiffs' Recordings, or to make any of Plaintiff's Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody or control.

Entry of an injunction may be necessary "to preserve the integrity of the copyright laws which seek to encourage individual efforts and creativity by granting valuable enforceable rights." Atari Inc. v. N. Am. Philips Consumer Elec. Corp., 672 F.2d 607, 620 (7th Cir. 1982). Irreparable harm is presumed in copyright infringement actions. Id. The ease, scope, and history of Falgout's infringement warrant the requested injunction. He downloaded and distributed over 400 copyrighted sound recordings to a P2P file sharing service with tens of millions of potential users who, in turn, will likely further distribute Plaintiffs' copyrighted sound recordings to others. Absent an injunction, there is nothing to prevent Falgout from his nefarious activities resulting in the distribution of more of Plaintiffs' copyrighted sound recordings through an online media distribution system. The injunctive relief requested is appropriate to prevent further irreparable harm. BGM Music v. Gonzalez, 430 F.3d 888, 893 (7th Cir. 2005).

Finally, Plaintiffs request an award of costs in the amount of

the filing fee, $350.00, pursuant to 17 U.S.C. § 505.  Finding the request to be reasonable and appropriate, the Court awards costs to the Plaintiffs in the amount of $350.00.  Plaintiffs' complaint requested attorneys' fees, but Plaintiffs' motion did not argue the point.  The Court does not award attorneys' fees.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' motion for summary judgment and injunctive relief against defendant Drew Falgout is **GRANTED;**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for extension of deadlines and to reset the trial date, r.d. #16, is **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 21st day of November, 2007.

_____
MARCEL LIVAUDAIS, JR.
Senior United States District Judge